STATE *EX RELATIONE* BURNETT v. BURNSIDE.

1. The writ of mandamus only issues when there is a specific legal right, or when there is a positive duty to be performed, which can be performed, and when there is no other specific remedy.
2. The Court of Probate is a court of record with large powers, though of limited jurisdiction, and is not an inferior court, in its ordinary sense; and in making sales and executing titles the functions of this court are judicial and not ministerial only.
3. Where land was sold under order of the Probate Court to the highest bidder for a sum much less than the selling officer had been authorized to bid for it, and the probate judge refused to make a deed to the purchaser, the Court of Common Pleas will not, by mandamus, compel him to make such deed.

Before PRESSLEY, J., Spartanburg, January, 1890.

This was an application to the Circuit Court by The State on the relation of Miles P. Burnett against A. W. Burnside, probate judge for Laurens County, for a writ of mandamus. The order of the Circuit Judge, omitting its statement, was as follows:

After hearing all the facts and argument of counsel, I am satisfied that the proceeding for mandamus must be dismissed. In the first place, mandamus is not the remedy, for it will never issue to compel a judicial officer to exercise his discretion in a particular way. It is a matter entirely within the discretion of the probate judge as to whether or not he confirms a sale made by himself. In this case he has refused to do so, upon the grounds that his agent at Spartanburg refused or neglected to cry the bid of Mary E. Nelson, which he had in his possession, and that the land was improperly described, and that through the carelessness of the said agent the land was sold at a sacrifice. I hold that the officer making the sale had a *bona fide* bid of four hundred and seventy-five dollars from Mary E. Nelson, and unless some higher bid was received by him he should have knocked the land down to her. I further hold that, under the facts in this case, a Court of Equity would not hesitate to set aside the sale, and this court will not by mandamus require an officer to do what it would not do under similar circumstances.

The motion for mandamus is therefore refused, and it is ordered, that the proceeding herein be dismissed, with ten dollars to the defendant for the costs of the motion.

From this order the relator appealed on the grounds stated in the opinion of this court.

*Mr. J. J. Burnett*, for appellant.

*Messrs. Ferguson & Featherstone*, contra.

July 14, 1890.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The Circuit Judge states this case as follows: "On salesday in December, 1889, the defendant, as judge of probate for Laurens County, through his agent, W. S. Thomason, offered for sale at Spartanburg Court House a certain tract of land which the said defendant had ordered sold in the case of Mary E. Nelson, administratrix of the estate of Francis M. Nelson, in aid of personalty to pay debts.   The plaintiff, Mary E. Nelson, filed with the said defendant a bid of four hundred and seventy-five dollars ($475) for the said tract of land, and he communicated the same to his agent in Spartanburg who made the sale; but the said agent, through inadvertence, did not cry the bid of Mrs. Nelson, and knocked down the land to Miles P. Burnett, the relator, for $130.   The said relator, Burnett, went before the judge of probate for Laurens County, and tendered the amount of his bid, and demanded a deed thereto.   The judge of probate refused to make him a deed, and on January 24, 1890, Burnett presented his petition to Judge Wallace, and obtained an order from him, requiring the said judge of probate to show cause before me at Spartanburg, on January 29th, 1890, why a writ in *mandamus* should not issue, requiring the defendant to execute a deed to him of the land described in his petition.   The defendant showed cause, and after hearing all the facts and argument of counsel, I am satisfied that the proceeding for *mandamus* must be dismissed," &c.

From this order the relator, Burnett, appeals to this court, charging error as follows: "(1) In holding that mandamus is not

the proper remedy for the petitioner in this case. (2) That mandamus will never issue to compel a judicial officer to exercise his discretion in a particular way. (3) That in making the sale the defendant acted judicially. (4) That it is a matter entirely within the discretion of the probate judge as to whether or not he confirms a sale made by himself. (5) That in this case the defendant refused to make title to the relator, because the land was improperly described and sold at a sacrifice. (6) That the officer making the sale had a *bona fide* bid of $475 from Mary E. Nelson. (7) That under the facts of this case a Court of Equity would not hesitate to set aside the sale. (8) That his honor erred in refusing to grant a writ of mandamus and in dismissing the proceedings. (9) That his honor erred in allowing the defendant $10 costs of the motion."

It is well settled that "the writ of mandamus only issues when there is a specific legal right, or when there is a positive duty to be performed, which can be performed, and when there is no other specific remedy; when the legal right is doubtful, or where the performance of the duty rests in discretion, or where there is other adequate remedy, the writ of mandamus cannot rightfully issue." See *Ex parte Mackey*, 15 S. C., 330. The Court of Probate, though of limited jurisdiction, is a court of record with large powers, and as to proceedings within its jurisdiction cannot be said to be, in the ordinary sense of the term, an inferior court. The functions of the court are judicial and not merely ministerial—resting on the discretion of the judge, not only in making the order of sale, but in executing titles. Besides, if that court commits error, the remedy is by appeal, and, as we understand it, that is the only manner in which the Court of Common Pleas can review and correct its proceedings.

We cannot assume that the facts of this case make it a proper one for specific performance, and that the Court of Equity would require the probate judge to execute the title. The court will relieve against the mistake of the party, bad faith on the part of the officer making the sale, or the neglect or mistake on the part of the officer, and in every case when it would be inequitable that the sale should stand. *American Ins. Co.* v. *Oakley*, 9 Paige, 259. One of the things most desired and promoted in judicial

sales is free and full competition, so that property may sell for its full value; hence the policy of the law in setting aside such sales where there is fraud or mistake or the biddings have been chilled, &c., &c. We concur with the Circuit Judge. that if we had the jurisdiction, "the court will not by mandamus require an officer to do that which it would not do under similar circumstances."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.