HOLLIS RINEHART, JR., as Administrator d.b.n. of the Estate of Leila May Rogers, deceased, and AMERICAN SURETY COMPANY OF NEW YORK, a corporation, v. EDITH B. PHELPS AND JOHN B. PHELPS, her husband, and GEORGE L. GRILEY.

7 So. (2nd) 783            En Banc
April 14, 1942       Rehearing Denied May 14, 1942

Stuart MacKenzie, for appellants.

L. Earl Curry, for appellees.

BUFORD, J.:

The appeal brings for review final decree overruling Master's Report and dismissing bill of complaint at the cost of plaintiffs.

The salient facts are, as revealed by the record, that

M. E. Earnest was appointed Administrator of the Estate of Leila May Rogers, deceased. There was in the assets of the estate a real estate mortgage to secure the payment of a debt of $4,000.00 At the time of the death of Mrs. Rogers there was pending an application to refinance the mortgage with the Home Owners Loan Corporation. After the death of Mrs. Rogers the negotiations were continued by the administrator. The administrator applied for and procured an order from the county judge as judge of probate authorizing the administrator to accept in settlement of the mortgage debt $3,000 of bonds from Home Owners Loan Corporation and a second mortgage on the same real estate in the amount of $1,000. The settlement was made but the second mortgage was not executed and delivered to the administrator and before he procured the execution and delivery of the mortgage he absconded. The American Surety Company of New York, a corporation, was surety on the administrator's bond and was called upon to make good his defalcation.

The purpose of the instant suit was to have adjudicated and impressed a lien on the real estate described in the surrendered and canceled mortgage to enforce the payment of the $1,000 balance due, it being shown that American Surety Company was entitled to one-third of that amount and Hollis Rinehart, Jr., as Administrator de bonis non of the estate of Leila May Rogers was entitled to the remaining two-thirds. This was upon the theory that American Surety Company had been required to answer in damages in the sum of $333.70 for the failure of its principal on the surety bond to procure the delivery of the second mortgage and Hollis Rinehart, Jr., who was appointed adminis-

trator de bonis non after the absconding of the original administrator was entitled to the balance for the benefit of the estate.

On issue being joined, the matter was submitted to Benjamin Axleroad, Esquire, as Special Master, with directions to take and transcribe the evidence and to submit the same to the court within thirty days from date of the Order, together with his findings of law and fact. The order of appointment was executed and thereafter the Master filed his report as follows:

"That Leila May Rogers died intestate in Dade County, Florida, on the 31st day of October, 1934; that her estate consisted of personal property of the value of four thousand, (4000) dollars, which was a mortgage on real estate of the defendants Edith B. Phelps and John B. Phelps, her husband; that thereafter M. E. Earnest was appointed administrator of the estate of the deceased Leila May Rogers and gave a bond, executed by the plaintiff, American Surety Company, for four thousand ($4000) dollars which was duly approved by the County Judge; that the deceased left as her heirs three children; Howard, aged thirteen (13), Frank, aged seven (7) and Earnest aged three (3); that the said Earnest assumed the management and control of the estate and administered the same until the 29th of July 1938 when he was removed by an order of the County Judge, to-wit W. F. Blanton, because he failed to file any accountings of his doings as administrator and substituted in his place as administrator d.b.n. the plaintiff, Hollis Rinehart; that on the 31st of December, 1934, the administrator M. E. Earnest, through his attorney, S. Grover Morrow, Esq., filed a petition to compromise and settle the indebtedness Home Owners Loan Corpo-

ration bonds in the sum of three thousand (3000) dollars and to take from the said defendants, Edith Phelps and John Phelps, her husband, a second mortgage in the principal sum of nine hundred (900) dollars, bearing interest at six (6) per. cent from date, with authority for Earnest to execuite instruments necessary to settle and compromise said agreement. The said Earnest on the 16th of January, 1935, executed a satisfaction and mortgage from the said Edith Phelps and John Phelps which instrument was filed for record on the 17th of January in Dade County, being Clerk's file No. 29216; that said Barnes as administrator disobeyed the said order and failed and neglected to take from the defendants, Edith B. Phelps and John Phelps, her husband, the said second mortgage in said sum of nine hundred (900) dollars; that said M. E. Earnest absconded with part of the proceeds of the bonds which he disposed of and that he disappeared on the 3rd of September, 1938. The American Surety Company of New York filed suit, Case No. 54323, against Earnest, charging that he had absconded; that the American Surety Company was left 'holding the bag' and the case proceeded to a final decree against said American Surety Company on the 2nd of May, 1939, penalizing the Surety in the sum of two thousand twenty-four dollars and seventy-seven cents ($2024.77) which included damages of thirty-three dollars and seventy cents ($33.70); that after the filing of this suit on the 17th of November, 1938, the defendants, Edith B. Phelps and John Phelps executed a mortgage upon the lands hereinabove described for a thousand dollars ($1000) to the defendant, George L. Griley and this mortgage was filed for record on the 16th of December, 1938 in Dade County,

Florida, Clerk's file No. L-47102; that the said mortgage to the said George L. Griley is fraudulent, null and void, and if valid at all is at the best a third mortgage; that the defendants here are all of them charged with actual notice of the County Judge's orders, to-wit: plaintiff's Exhibits A.B.C. and D; that from the evidence it appears that the execution of the Griley mortgage was a subterfuge and device to defraud the estate of Leila May Rogers, deceased; that the defendant John B. Phelps had actual notice of the Court's Order; that the Court should enter a decree adjudging and declaring the plaintiff, The American Surety Company, be subrogated to the rights of Hollis Rinehart as Administrator d.b.n. of the estate of Leila May Rogers, deceased, because of the failure of the said Earnest to take said second mortgage and also for the amount which the plaintiff, American Surety Company, paid to Hollis Rinehart; that a lien be impressed upon the property described in the Bill of Complaint superior to all liens of record against the said property except the first mortgage of the Home Owners Loan Corporation and that this lien be in the sum of Nine Hundred (900) dollars and interest from the date of the Court Order, to-wit: Exhibit B, the 31st day of December, 1934, at six (6) per cent, and that from said sum so awarded to Hollis Rinehart as Administrator d.b.n., the American Surety Company of New York by reason of its right of subrogation shall have a lien thereon in the sum of three hundred thirty-three dollars and seventy cents ($333.70) together with interest thereon at eight (8) per cent from the second day of May, 1939.

That the defendants pay to Hollis Rinehart the aforesaid sum of Nine Hundred (900) dollars together

with interest as above stated and the said Hollis Rinehart shall pay to the American Surety Company the sum of three hundred thirty-three dollars and seventy cents ($333.70) with interest from the 7th day of May, 1939, on a short day to be fixed by this Court, in default whereof the property described in the Bill of Complaint to be sold as directed by this Honorable Court."

And also made and filed his findings of law, as follows:

"Section 44 of the Probate Act reads as follows: 'Every County Judge shall record, or cause his Clerk to record, in books kept for that purpose, distinctly and at full length, all wills, testaments and codicils of which probate shall be granted, all letters testamentary and of administration, all bonds of personal representatives (exclusive supersedeas bonds), *all orders and judgments made by him,* and all other writings in this Act specially required to be recorded. . . .' Redfearn's Wills and Administration of Estates in Florida page 545, Section 44.

The County Judge's Court is undoubtedly a court of record. It is, however, a court of limited jurisdiction having no chancery powers.

'The Probate Court in this State is a court of limited jurisdiction, and has no chancery jurisdiction, unless the power vested in it is a chancery as well as a probate power.'

First National Bank of St. Petersburg, et al., v. MacDonald, et al., 100 Florida 675, 130 So. page 596.

If the Phelps knew nothing, however, of the order of the County Judge which required them to execute the nine hundred (900) dollar mortgage, there might be a question as to whether they had actual or con-

structive notice of the County Judge's order, but it is submitted that all of the evidence is to the point that Mr. Phelps knew all, being advised by the attorney, Grover Morrow, of the proceedings and consequently must have known of the Court's order; such is the contention of Mr. MacKenzie, attorney for the plaintiff, page 5 and 6, tp., and such is the conclusion of the Master.

It has been held that even though a Court of Probate is a court of limited jurisdiction, nevertheless, it is a court of record.

'The Court of probate' though of limited jurisdiction, *is a court of record* with large powers, and as to proceedings within its jurisdiction cannot be said to be, in the ordinary sense of the terms, an inferior court. The functions of the court are judicial, and not merely ministerial, resting on the discretion of the judge, not only in making the order of sale, but in executing titles.'

State v. Burnside, 33 S.C. 276, 278, 11 S.E. 787, 788. West's Words and Phrases Judicially Defined Volume 2 page 1688.

The nearest case in point that the Master has been able to find in Florida is the case of: Sapp v. Warner, 144 So. page 124 (1932).

The effect of the Sapp case cited above is to the point that if Mr. Phelps or his wife had notice, either actual or constructive, of the Judge's order to execute the nine hundred (900) dollar mortgage that they were bound by the said order.

Examination of this case shows a somewhat different state of facts. In this case, that is to say the Sapp case, a foreclosure suit was instituted against a number of defendants on two mortgages that were lost

that had not been recorded and which were not found until long after the suit was in progress. The court foreclosed the mortgages which was upheld by the higher court in spite of the argument of the appellants that they knew nothing of the mortgages except from a reference to them, from a deed which was marked guardian's deed. The court said that when they saw the name guardian's deed on the deed they were charged with knowing that a proceeding had taken place in the county Judge's court even though there was no other recital in the deed, as is customary in guardian's deeds and defined very clearly *actual* and *constructive notice* and said on page 127 of the opinion:

'Notice is of two kinds, actual and constructive. 'Constructive notice' has been defined as notice imputed to a person not having actual notice; for example, such as would be imputed under the recording statutes to persons dealing with property subject to those statutes. 'Actual notice' is also said to be of two kinds: (1) Express, which included what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, 'implied actual notice.'

Cooper v. Flesner, 27 Okl. 47, 103 P. 1016, 23 L.R.A. (N. S.) 1180, 20 Ann. Cas. 29. Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063. Hoy v. Bramhall, 19 N. J. Esq. 563, 97 Am. Dec. 687. Acer v. Westcott, 46 N. Y. 384, 7 Am. Rep. 355.

Constructive notice is a legal inference, while implied actual notice is an inference of fact, but the

same facts may sometimes be such as to prove both constructive and implied actual notice.

Knapp v. Bailey, 79 Me. 195, 9 A 122, 1 Am. St. Rep. 295.'

105 Fla. 245, 141 So. page 127

An examination of the Sapp case will disclose that the Supreme Court does not clearly hold that the Probate Court is a Court of Record, and while the Master thinks it is, therefore, I hold that there was constructive notice as well as actual notice, both express and implied.

The Sapp case is followed by a decision in the case of Hughes v. Town of Davenport, 193 So. 291, where the Supreme Court says on page 291 of its opinion that it can be determined only after the facts are ascertained from the testimony in language as follows:

'On the record in the instant case, it is practically impossible to determine which is the prior mortgage. *That can be determined only after the facts are ascertained from the testimony.* So far as the record discloses, the mortgage of appellees is prior, it having been recorded prior to that of appellants (see Section 5698, C.G.L., 1927) ; but, if *appellees* had knowledge, express or implied, of *appellants' mortgage prior to the execution and recording of their own,* as it alleged, then the mortgage of appellants is *prior.'*

Thompson v. Maxwell, 16 Fla. 773; Lesnoff v. Becker, 101 Fla. 716, 135 So. 146; Rambo v. Dickenson, 92 Fla. 758, 110 So. 352; *Sapp v. Warner,* 105 Fla. 245, 141 So. 124, 127, 143 So. 648, 144 So. 481; Hughes v. Town of Davenport, 193 So. (Fla.) 291, 1/19/40.

The Master is constrained, therefore, to find that the defendant Phelps comes under the category of having had express actual implied notice as well as construc-

tive notice of the Court's order to execute the nine hundred (900) dollar mortgage and consequently finds that the equities are with the plaintiffs."

Objections and exceptions to the Master's Report were filed and on final decree were sustained.

The chancellor found and adjudged:

"It is the opinion of this Court that the motion of the defendants to dismiss the bill should be granted, to do otherwise would, in effect, require the cancellation of the satisfaction of Mortgage which Earnest, as Administrator, executed and delivered to Phelps, and which has been duly recorded in the Public Records of Dade County, Florida. It would further require this Court in effect to compel Phelps and her husband to specifically perform an alleged agreement, when the other party to the agreement, to-wit: Earnest, had evidently agreed, either rightfully or wrongfully, to other terms.

This Court is now being asked to penalize Phelps and her husband, because she delivered to the Administrator Earnest, the $2,900.00 in bonds, took from him his Satisfaction of Mortgage (all apparently in good faith on Phelps' part), because Earnest, after he had reported the transaction to the County Judge and received permission to sell the bonds, has evidently absconded with the proceeds derived from the sale thereof. No fraud is alleged or shown on the part of Phelps or her husband in the transaction.

Earnest, as Administrator, had a right to sell, without application to the County Judge, the personal property of the estate, and it would seem that after he had made a sale, viz.: the Satisfaction of the Mortgage for $2,900.00 in HOLC bonds, that he advised the County Judge in effect that these constituted the entire

assets of the estate, or as he said, 'Practically all of the assets of the estate' and the County Judge then approved the sale of the bonds. If Earnest had not defaulted, but had distributed the $2,900.00 according to law and the orders of the County Judge, certainly no creditor or heir of the estate could have been heard to enforce a claim such as the plaintiffs in these proceedings seek to enforce. Wherefore, the premises considered, it is,

"Ordered, Adjudged and Decreed that the Master's Report and findings filed herein, be, and the same is hereby overruled; it is further

Ordered, Adjudged and Decreed that said cause be, and the same is hereby dismissed at the cost of the plaintiffs.

Done and Ordered at Miami, Florida, this 31st day ·of March, A. D. 1941."

Our view is that the Master applied the correct principles of law and reached a correct conclusion under the facts as shown by the record.

It is true, as stated by the learned chancellor that Earnest as Administrator had the right to sell without application to the County Judge, the personal property of the estate, but he did not pursue that course. He applied to the County Judge for an Order allowing him to settle a claim in favor of the estate and the order of the County Judge on that application specifically authorized, adjudged and decreed, as follows:

"It is Therefore Ordered, Adjudged and Decreed that the said M. E. Earnest, as Administrator of said Estate, be and he is hereby authorized to settle said mortgage claim of this Estate against the said Edith B. Phelps and John B. Phelps, her husband, by ac-

cepting bonds of the Home Owners Loan Corporation and/or cash in the sum of $3,000.00; a second mortgage against the above premises in the sum of $900.00; and the balance in the sum of $437.42 by a note signed by the said Edith B. Phelps and John B. Phelps, her husband, bearing interest at the rate of seven (7%) per cent per annum, interest payable semi-annually, said principal maturing on or before five (5) years from October 22, 1932.

"It is Further Ordered and Adjudged that the said M. E. Earnest is hereby given full authority to execute all instruments necessary in connection with the above settlement, and that the Home Owners Loan Corporation be and it is hereby released from any liability in connection with the application of said bonds or any funds paid to the said M. E. Earnest in connection with the settlement of this claim."

The mortgagors well knew that the mortgage had not been paid and they were charged with notice when dealing with the Administrator of all Orders and Judgments of the Probate Court in connection with the action of the Administrator. Equity will require a defendant to do that which he is bound in good conscience to do. Therefore, the mortgagors, having received the benefits accruing to them, are in equity held to have done that which they should have done and, therefore, the plaintiffs were entitled to have a lien impressed upon the real estate described in the mortgage which was satisfied and cancelled or record to the same extent as would have been created by a second mortgage executed and delivered according to the Orders of the Probate Court at the time the original mortgage was satisfied of record and canceled.

For the reasons stated, the decree is reversed and

the cause remanded with directions that a decree be entered not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD and TERRELL, JJ., concur.

CHAPMAN and THOMAS, JJ., concur in conclusion.

ADAMS, J., disqualified.