ALLEN, Chief Judge.
The appellant, Jane Hooks Stevens, is the only child of appellee, Nell Wilhite Hooks. On petition filed December 20, 1950, for inquest of incompetency of the appellee, the court found appellee to be incompetent and appellant was named curator of appellee’s estate, which consisted of some $40,000 that appellee had inherited from her brother.
The appellant filed her first report on December 4, 1951, which was approved by the court some two years later. Two supplemental reports were approved which were filed December 18, 1954 and January 18, 1956. The last report covered transactions up to October 5, 1955. From that date until October 7, 1959, no reports were filed.
On October 21, 1959, the appellee filed a petition for the discharge of the Curator alleging that she had regained her competency; she also petitioned the court that *582 the appellant be removed as Curator and a new one appointed should the appellee be found incompetent as the appellant had failed to properly manage the appellee’s estate. Two doctors appointed by the court recommended that appellee be restored to her competent status and on December 16, 1959, the court entered an order restoring the status of legal competence to the appellee but reserved jurisdiction relating to alleged mishandling of funds by appellant.
The lower court found that the Curator had comingled the funds of the appellee with her own funds and had bought highly speculative stocks, the value of which had been greatly depreciated, and entered an order against the appellant on her failure to properly account for funds which she held belonging to the appellee.
The appellant argues that she had a file showing a proper accounting which, however, this court cannot consider as none of the accounting of this file appears in evidence in this case.
The appellant, by neither assignments of error nor argument in her brief, questions the court’s conclusion that she mismanaged the appellee’s estate or that she comingled the estate’s funds with her own and invested in non-income producing stocks; her argument being that the court could not consider anything that had taken place prior to the accounting previously entered.
The Supreme Court of Florida in the case of Firmin v. Sanborn, 119 Fla. 396, 161 So. 555, 557, cited by the appellant, in its opinion, said:
“The approval by the county judge of the guardian’s annual account is not the equivalent of a judgment which may not be collaterally attacked by the ward or some one in his behalf. The rule is that annual or partial accounts of a guardian, although approved by the court, have not the force and effect of a final judgment and are in no sense conclusive of the correctness thereof unless made so by statute. See 28 C.J. 1239.”
The appellant further argues that the circuit court erred in making its own independent examination of the final accounting filed by the Curator without having an audit made by a court appointed auditor. We find no merit in this contention. Florida Statutes, Section 747.16, sub-paragraphs (1) and (2), F.SA., specifically provide that the court may examine or audit the accounts or may appoint an examiner or auditor to examine or audit such accounts and report thereon the results to the court.
Finding no error in the record before us, we must affirm the order of the lower court.
Affirmed.
SHANNON, J., and SMITH, CULVER, Associate Judge, concur.