PER CURIAM.
Tommie Lou W. Scott, also known as Mrs. Archie Scott, who died testate, by her will nominated her sister, Janie Waits Ca-pell as executrix, Mrs. Scott died in September of 1960, her will was admitted to probate, and her sister was duly qualified to serve in the designated capacity. Margaret W. Lambeth filed proof of claim against the estate, seeking to obtain possession of certain funds in excess of $4,000 in a joint account on deposit in the First Federal Savings and Loan Association of Lake County in the name of Tommie Lou Scott and Margaret W. Lambeth. Her alleged claim for the funds in the joint account was under survivorship and not under joint tenancy.
The executrix interposed timely objection, disputing any right of Margaret W. Lambeth to ownership of the monies in the account. There was further effort on the part of appellant before the probate court to acquire the fund. This effort, unsuccessful, culminated in a petition by Margaret Lambeth for an order requiring the executrix to show cause why the monies in question should not be declared through order of the probate court to be the absolute property of the appellant and to be free and clear of any and all claims or interest of Janie Waits Capell as executrix of the estate. In the event the executrix had withdrawn the funds referred to, the petition asked that she be required to make payment to appellant of all sums of money received from that source and, in the event the sums of money were still in the account as designated, that the court authorize the First Federal to deliver to appellant the sums of money now on deposit.
To this petition a motion to strike and motion to dismiss were filed. One of the grounds contained in the motion to dismiss is that the court did not have jurisdiction over the subject matter. The probate judge granted both motions, and the petition was dismissed with prejudice. The appeal is from this order of dismissal.
Although the order does not\ specify the ground upon which the dismissal was predicated, it is apparent, upon a study of the record, that the judge determined he did not have jurisdiction. We are in accord with this view. Appellant is a stranger to the estate; she was seeking to have the probate court try the issue of ownership to funds in excess of $4,000.
Appellee, in addition to the jurisdictional point, urges that appellant had abandoned her appeal because, following entry of the order of dismissal, she filed a suit in the circuit court seeking the equivalent relief as that sought in the probate court. There is no basis in the record to sustain this position.
*388 We affirm the ruling of the probate judge because of his lack of jurisdiction but do so without prejudice as to suit deemed advisable by appellant.
Affirmed.
ALLEN, Acting C. J., and KANNER and WHITE, TL, concur.