KANNER, Acting Chief Judge.
H. H. Donaldson died intestate, and his widow was appointed and duly qualified as administratrix of his estate. The dispute is between the appellant, as widow and ad-ministratrix, and Janette Brainard, appellee, a daughter of deceased by a former marriage. The appeal concerns the question of title to certain personal property, with appellant contending that it constitutes assets of the estate, while appellee insists that, instead, she holds title to the property.
After the original appraisal had been made, an amendment to it was filed, embracing as assets of the estate a bank account in the State Bank of Randolph, N. Y., of $2,839.07 ; 248 shares National Securities Income, $868.00; 169 shares National Securities Bond, $946.60 ; 229 shares National Securities Stock Series, $1,717.50; and a note from Donaldson Motors, $7,000, making a total of $13,371.17.
Appellee, claiming that the items listed in the amendment are her property, filed sworn objections with attached exhibits, protesting their inclusion as assets of the estate. Appellee averred, in substance, that the funds in the bank account and the stock certificates were in her own and her deceased father’s names as joint tenants with the right of survivorship and not as tenants in common, that the stock certificates, since her father’s death, had been reissued to her in her name solely, that the promissory note was from Donaldson Motors payable to Homer H. Donaldson or Janette D. Brainard and so became her sole property upon her father’s death, and that the stock and note are in her possession.
Appellant urges that the various items of property are assets of the estate and also contends that these items constituted ad *554 vancements made to appellee. She further asserts vigorously that the issues of sur-vivorship in joint tenancies and whether or not a gift was made are questions of fact to be decided under applicable legal principles.
Hearing was had before the county judge. No evidence was introduced nor testimony taken; there was only argument of counsel. By the county judge’s order, it was determined that the five items identified in the amendment to the appraisal do not constitute a part of the assets of the estate and are not advancements; and, in the distribution order of the estate’s assets, these items were not included.
 One of the grounds contained in appellee’s objections is that “ * * * the Court is without or lacks jurisdiction to exercise any control or dominion over said property, which is not a part of the estate of the decedent, nor does it have jurisdiction to make any determination as to the controversy concerning ownership and title of same.” This point is well-founded and is decisive, obviating the necessity of consideration by this court of the appeal on its merits. It appears that the county judge determined he had jurisdiction. Although not assigned as error on appeal, nevertheless this court can of its own initiative take notice of the jurisdictional aspect. In re Coleman’s Estate, Fla.App.1958, 103 So.2d 237.
The constitutional provisions specify in part, “The county judge’s courts shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; * * * The county judge’s courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of ireal estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate.” F.S.A.Const. art. 5, § 7(3). See sections 36.01(1), (3), and 732.01, F.S.A. Thus, a county judge is empowered to discharge the duties usually pertaining to the courts of probate, but in no instance does his jurisdiction extend to include cases at law wherein the value or demand of the property involved exceeds $100. Neither is he vested with jurisdiction in purely equitable actions. In re Brown’s Estate, Fla. App.1961, 134 So.2d 290.
While Janette Brainard is an heir at law, she is claiming in a capacity different and independent from that under which an heir asserts his right to a share of a decedent’s estate. That she is an heir to a portion of the assets of the estate does not mean that her identity and capacity as a claimant must under all circumstances be restricted to that role. Claiming ownership of the properties, she, as a disputant, wears the habiliments of an adversary against the estate, those of an outsider, a stranger. The dispute, therefore, is not by an heir to the estate’s assets but is by one claiming as an original joint owner and subsequent sole owner by right of survivorship.
Jurisdiction of county judge’s courts is limited to that which is conferred upon them by the constitution and by statutory enactment and such as may be incidentally necessary to the execution of these powers. Here, the controversy concerns ownership of or title to the described personal property in the aggregate value of $13,371.17. The mere inclusion of property, through description, in an inventory or appraisal cannot confer jurisdiction of it. It is apparent that neither through constitutional nor statutory provisions is the jurisdictional scope of the county judge’s court extended to comprehend the controversy here involved. See 21 C.J.S. Courts § 303, p. 546 et seq.; In re Brown’s Estate, Fla.App.1961, 134 So.2d 290; In re O’Neal’s Estate, Fla.App.1962, 142 So.2d 315; Lambeth v. Capell, Fla.App., 146 So.2d 386; Stewart v. Lohr, 1890, 1 Wash. 341, 25 P. 457.
Necessarily, we conclude that the county judge was without jurisdiction, in conse *555 quence of which we must reverse his judgment without prejudice to appellant to take recourse in a court oí competent jurisdiction.
Reversed.
WHITE, J., and SMITH, D. R., Associate Judge, concur.