PER CURIAM.
Appellant, who is executor of the estate of William Keith Patón, appeals an order of the County Judge’s Court denying his petition to withdraw funds allegedly advanced by him personally to the estate and mistakenly included by him in the inventory as assets thereof. Appellees are creditors who, after objection to their claims by appellant as executor, reduced them to judgment. The funds in question, some $1,-953.67, were received by appellant as sole beneficiary of four life insurance policies on the life of the deceased. These four insurance checks were made out personally to appellant, were unqualifiedly endorsed by him to the estate and the four policies were listed individually in the inventory as assets of the estate.
The County Judge’s order here appealed ruled that the appellant had voluntarily given the disputed funds to the estate and was estopped to deny the correctness of his inventory listing them as such. The order also directed pro-rata payment of the judgments of appellees.
We do not reach the merits of this appeal, for we find the County Judge’s Court lacked jurisdiction to determine the question. A raising of the question of jurisdiction in the probate court is not a condition precedent to its consideration on appeal. In re O’Neal’s Estate, Fla.App. 1962, 142 So.2d 315. This court of its own initiative can take notice of the jurisdictional aspect. In re Donaldson’s Estate, Fla.App.1962, 147 So.2d 552.
The appellant claims these funds are assets owned by him in his individual capacity and they are not and have not been assets of the estate. Appellant’s position is that of a stranger asserting an adverse claim to assets also claimed by the estate. The probate court does not have jurisdiction to determine such a controversy. The only recourse the parties have is in a forum having jurisdiction just the same as if there was no estate. For a full explanation of the constitutional jurisdiction of probate courts see In re Brown’s Estate, Fla.App.1961, 134 So.2d 290; In re O’Neal’s Estate, supra; In re Donaldson’s Estate, supra.
*170 Mere inclusion of property by description in an inventory or appraisal as assets of a decedent’s estate cannot give the County Judge’s Court jurisdiction of such property. In re Donaldson’s Estate, supra. The conduct of the appellant in filing a petition for a determination of the question of who is entitled to the funds cannot confer upon the court jurisdiction for this purpose. In re O’Neal’s Estate, supra.
We therefore reverse the order on the jurisdictional ground.
SMITH, Q J., and SHANNON and WHITE, JJ., concur.