ALLEN, Chief Judge.
Mary Michaels has appealed from a judgment of contempt for her refusal to deliver a 1961 Buick automobile to the executor of the Estate of Joseph G. Nimer.
*81 The executor petitioned for Rule to Show Cause why appellant has failed and refused to deliver the automobile allegedly owned by decedent at his death. After the rule was issued, appellant, who is a stranger to the estate, filed a motion to dismiss asserting that the probate court had no jurisdiction over the subject matter, and also filed an answer setting up an alleged agreement with the decedent for her purchase of the car.
The substance of the alleged agreement is that appellant was to pay $250.00 cash and receive possession of the automobile and withhold $345.00 of the $595.00 purchase price until the title certificate was transferred to her in her name. Appellant claims she can demonstrate that she paid $250.00 from her own funds and that she is ready and willing to pay the $345.00 balance.
After hearing on the rule, the court found, (1) that the automobile was inventoried as an asset of the estate with title to the car in the name of the decedent, (2) that appellant has possession of the automobile, ability to turn it over to the executor, and has failed to do so, and (3) that appellant is in contempt of court for her failure and refusal to deliver the automobile to the executor. The court then ordered the appellant to be held in custody of the sheriff until she purged herself of contempt by delivering the automobile to the executor.
On appeal, • appellant argues, in effect, that the county judge did not have jurisdiction to try title, as between the estate and a stranger, of personal property valued over $100.00.
A county judge’s jurisdiction in cases where title to personal property is in issue is tainted with uncertainty. In Re Brown’s Estate, Fla.App.1961, 134 So.2d 290. This uncertainty results from the broad terms used in the constitution and by the Legislature that the jurisdictional grant is “to discharge the duties usually pertaining to courts of probate.” Art. V, Section 7, Fla. Const., Fla.Stats. F.S.A. See also Sections 732.01, and 36.01(3), Fla.Stats. F.S.A.
The Court in In Re Brown’s Estate, supra, summarized some of the broad principles that assist in reducing this jurisdictional uncertainty:
“The county judge’s courts have no jurisdiction except that which is conferred upon them by the constitution and by statutory enactment and such as may be incidentally necessary to the execution of these powers. State ex rel. West’s Drug Stores, Inc. v. Cornelius, 110 Fla. 299, 149 So. 332; In re Coleman’s Estate, Fla.App., 103 So.2d 237. The county judge’s court is not a court of general jurisdiction according to the course of the common law. Mott v. First National Bank of St. Petersburg, 98 Fla. 444, 124 So. 36. In no event does it have jurisdiction in cases at law in which the demand or value of the property involved exceeds one hundred dollars. Section 7 (3) of Article V of the Constitution. It has no jurisdiction in purely equitable actions. Ritch v. Bellamy, 14 Fla. 537; Mott v. First National Bank of St. Petersburg, supra; First National Bank of St. Petersburg v. MacDonald, 100 Fla. 675, 130 So. 596; Rinehart v. Phelps, 150 Fla. 382, 7 So.2d 783; Moskovits v. Moskovits, Fla.App., 112 So.2d 875; In re Shepherd’s Estate, Fla.App., 130 So.2d 888. * * *” 134 So.2d 290 at page 293.
In addition, the county judge has no jurisdiction to determine ownership of personal property as between an estate and a stranger thereto where the disputed property is valued over $100.00. Lambeth v. Capell, Fla.App.1962, 146 So.2d 386. In re Donaldson’s Estate, Fla.App.1962, 147 So.2d 552. See also 21 C.J.S. Courts § 303 (1940).
We discern, by applying the above rules to the facts, that the county judge’s order found “* * * title to the [1961 *82 Buick] is in the name of the decedent.” This finding amounted to a determination by the probate court that the decedent owned the automobile. The question of the ownership of the Buick, valued over $100.00, was not within the power of the probate court to resolve.
The probate court, by finding that “ * * * title to the [1961 Buick] is in the name of the decedent,” may have meant to say that the certificate of title was in the name of the decedent. A certificate of title is not, in all cases, conclusive proof of ownership. The certificate invariably establishes presumptive ownership but such presumption may be overcome by competent evidence. Nash Miami Motors v. Bandel, Fla. 1950, 47 So.2d 701.
For purposes of administration, the automobile was listed as an asset of the estate. While the probate court had apparent jurisdiction over the automobile because of this listing, the appellant’s answer disputed the estate’s claim to the automobile and explained appellant’s possession of it. The answer, then, effectively placed the ownership of the automobile in issue. When title was placed in issue, the court should have granted appellant’s motion to dismiss because it had no jurisdiction to try title to the automobile, valued over $100.00, as between the estate and the appellant.
We reverse the order finding appellant in contempt of the probate court, and order the court to dismiss the petition for rule to show cause without prejudice to the appel-lee to seek relief in the proper forum.
Reversed and remanded.
LILES and PIERCE, JJ., concur.