PER CURIAM.
Plaintiff has appealed a final decree in equity finding for defendant on the merits, and dismissing the cause with prejudice.
This suit was instituted by appellant as an action at law by which he seeks damages for the alleged breach of an oral trust in personalty based upon a contractual consideration. Defendants’ answer denied existence of any trust, denied any breach of duty or obligation owed plaintiff, and asserted a number of affirmative defenses.
A jury was impaneled, but after plaintiff had rested his case on the evidence adduced by him, the trial court transferred the case to the chancery side of the court and thereupon proceeded to complete the trial by hearing all remaining evidence introduced by both parties. Based upon the evidence the chancellor concluded that plaintiff had failed to prove the material allegations of his complaint and was not entitled to the damages he sought.
 Appellant contends on appeal that the court erred in withdrawing the case from the jury and transferring it to the chancery side of the court for final disposition. This contention must be rejected. Before appellant could establish his right to damages based upon a breach of an oral express trust, it seems axiomatic that the burden rests upon him to first establish the existence of the trust. This could not be done in an action at law for the reason that equity has exclusive jurisdiction over suits to establish trusts.[1]
It is our view that the trial court was correct in transferring the case to chancery when it affirmatively appeared that plaintiff’s right to recover depended initially upon the establishment of the express trust alleged in his complaint, the existence of which had been specifically denied by defendants. The decree appealed is affirmed.
WIGGINTON, Acting C. J., CARROLL, DONALD K., and SACK, JJ., concur.

. In re Guardianship of White, (Fla.App.1962) 140 So.2d 311.