ALLEN, Chief Judge.
L. E. Brown, guardian of the property of Mark Sterling Schrodt, appeals from a final order of the County Judge’s Court requiring appellant to transfer certain funds to the appellees, co-executors of decedent’s estate.
In 1952, Edith M. Young created a “Tot-ten Trust” at the American Savings Building & Loan Association, Orlando, by making a deposit and having the passbook issued in the following form: “Edith M. Young in Trust for Mark Sterling Schrodt.”
In 1956, Edith M. Young executed a last will and testament containing a general residuary clause in the form of a testamentary trust where three minors were named as beneficiaries. One of the beneficiaries so named was Mark Sterling Schrodt. After Edith M. Young died, her will was admitted to probate, and the appel-lees were qualified as co-executors. Appellant was appointed guardian of the property of Mark Sterling Schrodt and received the funds, approximately $15,000 under the Totten Trust, then on deposit for appellant’s ward.
The executors filed a petition with the county judge to have the funds held by appellant transferred to them on the theory that decedent’s will revoked the Totten Trust. The guardian moved to dismiss the petition contending that the county judge had no jurisdiction of the subject matter. The court adjudged that he had jurisdiction, granted the petition, and advised the guardian to transfer the funds to the executors.
The guardian appealed, contending that the county judge had no jurisdiction to enter the subject order. We agree.
County judge’s courts have only such jurisdiction as is conferred upon them by the constitution and statutes and such as may be incidentally necessary to the execution of such powers. Michaels v. Dillon, Fla.App.1966, 191 So.2d 80; In re Donaldson’s Estate, Fla.App.1962, 147 So.2d 552; In Re Guardianship of White, Fla. App.1962, 140 So.2d 311. A county judge has no power to determine ownership of personal property as between an- estate and a stranger thereto. Michaels v. Dillon, supra; In Re Donaldson’s Estate, supra.
Upon application of these principles to the instant case, we find that the appellant is a stranger to the estate because v the funds, which his ward derived from the / Totten Trust, passed by way of an instru-id ment separate and apart from the will. Only by the preliminary determination that the will in some manner revoked the trust, can the executors claim the funds belong to the estate. This determination is within the sole province of equity, which has original, general, and inherent jurisdiction over trusts, their validity and administration. In Re Guardianship of White, supra; 33 Fla. Jur., Trusts § 111 (1960).
Appellant has raised a second point on appeal which, in view of our determination upon the question of jurisdiction, we find unnecessary to discuss at this time.
The county judge had no jurisdiction to determine the validity of the Totten Trust. We, therefore, reverse the order granting the petition transferring the funds to the executors and order the court to dismiss *117 the petition without prejudice to the appel-lees to file action in the proper forum.
„ , , J Reversed and remanded.
SHANNON, J., and LENFESTEY, JAMES A., Associate Judge, concur.