675 So.2d 186 (1996)
Ursula BACHINGER, Waltraud Cocco and Hans Peter Oberdick, Appellants,
v.
SUNBANK/SOUTH FLORIDA, N.A., Appellee.
No. 95-1924.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
Richard F. Hussey of Richard F. Hussey, P.A., Fort Lauderdale, for appellants.
Gary L. Rudolf of Taylor, Brion, Buker & Greene, Fort Lauderdale, for appellee.
KLEIN, Judge.
Gertrude Oberdick was declared mentally incompetent in 1989 and died in 1994. When SunBank, her guardian, petitioned for final discharge after her death, the appellants, who alleged that they are relatives and beneficiaries under the ward's will, filed objections. The trial court struck their objections on the ground that they have no standing, and they appeal. We reverse.
Rule 5.700(a), Florida Rules of Probate, provides that the "ward, or any other interested person ..." may file objections to guardianship reports. The trial court followed McGinnis v. Kanevsky, 564 So.2d 1141 (Fla. 3d DCA 1990), in which the trial court had found that a guardian had been paid, with court approval, excessive fees during a twenty-nine month period between the guardian's appointment and the ward's death. The third district reversed, concluding that heirs and beneficiaries of a ward have no standing to question the administration of a guardianship:
[A]n heir of a now-deceased ward may not be heard to challenge orders like these.... As has been indicated, ... the court is concerned only with the welfare of the ward himself in the administration of what are, after all, only his funds.... White indicates that the approval of an accounting may be "collaterally attacked by the ward or someone on his behalf." [In re Guardianship of White, 140 So.2d [311] at 314 (Fla. 1st DCA 1962)] (emphasis supplied). This does not include those who may inherit the ward's estate. It is clear, to the contrary, that they are only contingent or potential beneficiaries who cannot complain that any expenditures on *187 behalf of the ward have diminished what they may eventually receive and thus are not interested parties in the administration of the guardianship.... Thus, the appellees do not fall within the requirement of Florida Rule of Probate and Guardianship Procedure 5.700(a) that an objection may be filed only by "a person interested as creditor, or otherwise...."
The effect of the order below is very unwisely to permit the intrusion of the relatives and devisees of the ward into the administration of the guardianship in order to preserve their alleged interests in the assets of the ward. We do not agree with any such result. (Citations omitted.)
Id. at 1144. Judge Jorgensen dissented, concluding that the heirs did have standing.
In Brogdon v. Guardianship of Brogdon, 553 So.2d 299 (Fla. 1st DCA 1989) a son of the ward sought, during the ward's lifetime, to contest actions taken by the guardian, and the first district concluded that he did have standing:
The court determined that Daniel Brogdon lacked standing because his potential inheritance was merely speculative. It has been indicated that a family interest alone is an insufficient predicate for standing to contest a probate or guardianship action. See Maceda v. Duhig, 474 So.2d 292 (Fla. 3d DCA 1985). But in addition to a family interest Daniel Brogdon has also asserted a potential inheritance under the ward's will. While this potential inheritance remains subject to divestment or challenge, in the context presented it does render Daniel Brogdon an "interested person" within the scope of the guardianship proceeding. A contingent beneficiary under a testamentary trust has been determined to have a sufficient interest for standing to object to a final probate accounting. See Richardson v. Richardson, 524 So.2d 1126 (Fla. 5th DCA 1988). Daniel Brogdon's testamentary interest, in conjunction with his family interest and the potential for intestate inheritance in the event of a successful will challenge, create a sufficient interest for standing in the guardianship proceeding and the court should have addressed the merits of Daniel Brogdon's petition.
Id. at 301.
Similarly, in Sun Bank and Trust Co. v. Jones, 645 So.2d 1008 (Fla. 5th DCA 1994); rev. denied, 658 So.2d 991 (Fla.1995), the court concluded that the personal representative of the ward's estate had standing to object to guardian fees and attorney fees in prior accountings but noted that there had been no court approval at the time the fees had been paid. The court distinguished McGinnis on the ground that in McGinnis the beneficiaries were only objecting to the fees as being excessive, while there was a conflict of interest alleged in Sun Bank and Trust Co. v. Jones.
Although we have considered the concerns expressed by the majority in McGinnis regarding the conflict created when heirs are able to object to amounts being spent on the ward, we are not persuaded that it follows that they should have no standing. The McGinnis majority apparently felt that there were sufficient safeguards built into guardianship procedures, reasoning in a footnote:
The point here is that just as it is obviously for the competent person to spend or misspend his assets as he pleases, so it is up to the guardianship estate, regulated by the guardian and the court, to do the same without the interference or concern with the totally non-altruistic wishes of the ward's relatives or legatees.
564 So.2d at 1144, n. 9. We cannot agree with that reasoning. It is not sufficient, in our opinion, to rely on the guardian and the court. Although courts approve annual accountings of guardians, it is highly unrealistic to assume that such an ex parte procedure would involve any high level of scrutiny, which is probably why approval is not conclusive. As the court explained in In re Guardianship of White, 140 So.2d 311, 314-15 (Fla. 1st DCA 1962) (citing 11 Florida Law and Practice, Guardian and Ward, Section 52, n. 304):
Approval by the county judge of a guardian's annual account is not the equivalent of a judgment which may not be collaterally attacked by the ward or someone in his behalf; the rule being that annual or partial *188 accounts, although approved by the court, have not the force and effect of a final judgment and are in no sense conclusive of the correctness thereof unless made so by statute. They are, however, prima facie evidence of their correctness if made in conformity with the statutes. American Surety Co. of New York v. Andrews, 152 Fla. 638, 12 So.2d 599 (1943); Firmin v. Sanborn, 119 Fla. 396, 161 So. 555 (1935).
We conclude, based on the facts presented in the present case, that the appellants had standing. They alleged that, in addition to being heirs, they were relatives and were taking care of decedent before she was declared incompetent. If they do not have a sufficient interest to question how her funds were spent, there is probably no one who does, and we do not think that should be the case. As Judge Sharp observed in Sun Bank and Trust Co. v. Jones, "Courts must scrupulously oversee the handling of the affairs of incompetent persons under their jurisdiction and err on the side of over-supervising rather than indifference." 645 So.2d at 1017.
We therefore reverse and certify conflict with McGinnis.
WARNER, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I would follow McGinnis v. Kanevsky, 564 So.2d 1141 (Fla. 3d DCA 1990), and certify conflict with it in the hope that the supreme court would resolve the issue.
McGinnis, to me, is the better policy for at least two reasons. First, while the guardianship is in existence, so-called interested parties can petition the probate court for appointment of a guardian ad litem to represent the ward because of a conflict of interest between the guardian and the ward. See § 744.391, Fla.Stat. (1993); Fla.Prob.R. 5.120. It is the ward's property, not the prospective interests of expectant would-be heirs which must be protected by the trial court.
Second, claims can be made against the guardian and surety after discharge as the courthouse doors remain open because of the special duty owed to incompetents and their property. Bambrick v. Bambrick, 165 So.2d 449, 457 (Fla. 2d DCA 1964), and cases cited therein.
The present case presents support for this dissent as there is an indication of conflict between the expectant heirs' interests and that of the ward. The majority assumes an identity of interests between the ward and the heirs, which may or may not be the case. In short, I respectfully believe the disapproval of McGinnis is highly motivated but disregards existing ample remedies and creates a needless intrusion and potential for more conflict. "Standing" in this situation places the camel's nose inside the tent.