LaROSE, Judge.
Tamara Swan is the niece and guardian of the ward, Erich Trost. She is also the trustee of the Erich Trost Trust. Ms. Swan seeks certiorari review of the trial court’s nonfinal order compelling production of corporate, Trust, and financial documents to Matthias Trost, the ward’s estranged son. We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A). We grant the petition for writ of certiorari and quash the discovery order, in part.
Matthias Trost sued Ms. Swan, as trustee, for declaratory relief. He sought the production of various Trust documents. After conducting an in-camera inspection, the general magistrate concluded that Mr. Trost was not entitled to discovery of these documents because the trustee owed duties to inform and account only to the settlor, Erich Trost. See § 736.0603(1), Fla. Stat. (2009) (“While a trust is revocable, the duties of the trustee are owed exclusively to the settlor.”). Upon Erich Trost’s death,[1] the trustee would owe a duty only to beneficiaries. Matthias Trost was not a Trust beneficiary. The general magistrate rendered these findings:
(1) The Trust is still revocable, as the Ward is still alive.
(2) Under Florida Law, the trustee’s duties to inform and account are owed exclusively to the settlor of the trust for as long as the trust is revocable.
(3) Once the Trust has become irrevocable, the trustee has 60 days to give notice of the existence of the Trust, and the right to request a copy of the Trust, to the qualified beneficiaries of the Trust.
(4) Trost is not a named beneficiary of the Trust.
(5) Ms. Swan should not be required to produce unredacted copies of the Trust to Trost.
(6) Ms. Swan should not be required to produce an accounting for the Trust to Trost.
(7) The Civil Action should be dismissed without prejudice.
Matthias Trost then filed a petition in a separate guardianship proceeding, alleging that Ms. Swan neglected and exploited her uncle’s income, assets, and property in violation of her fiduciary duty as guardian. See § 744.446, Fla. Stat. (2009).[2] Count I *1208 of the petition asked the trial court to appoint a monitor pursuant to section 744.107(1), which allows the court to appoint a monitor “upon inquiry from any interested person.” Count II sought appointment of a guardian ad litem to investigate potential elderly exploitation claims against Ms. Swan. In Count III, Matthias Trost asked to review annual guardianship accountings and reports and trust account-ings. Under section 744.3701(2), “[t]he court may direct disclosure and recording of parts of an initial, annual, or final report in connection with any real property transaction or for such other purpose as the court allows, in its discretion.”
Count IV of the petition requested review of Ms. Swan’s appointment as guardian and/or to remove her as guardian and trustee. Matthias Trost stated that her appointment as guardian was inoperative because he received no notice of the proceedings to determine incapacity and appoint a guardian as required by sections 744.344 and .3371, and no notice of business transactions involving the ward’s property, including the Trust. See Hughes v. Bunker, 76 So.2d 474, 477 (Fla.1954) (holding where next of kin not notified of proceedings, guardian appointment was inoperative). He also argued that the court should remove her as guardian pursuant to section 744.474[3] for “fraud, abuse, waste, mismanagement and conflict/self-dealing transactions” and remove her as Trustee pursuant to section 736.0706, Florida Statutes (2009),[4] for the same conduct. *1209 Count V requested an injunction requiring Ms. Swan to comply with the guardianship statute, to provide notice and annual reports to him as next of kin, and to prohibit insider transactions to prevent mismanagement and waste. Count VI asked the court to void illegal transactions, levy a surcharge, disgorge improper takings, and/or for damages pursuant to section 744.446(4). See supra note 2. Count VII requested attorney’s fees and costs.
In discovery, Matthias Trost requested twenty-five items of confidential financial information. Ms. Swan objected, and Matthias Trost filed a motion to compel production. In an order that issued prior to the ward’s death, the trial court granted the motion, in part, and ordered Ms. Swan to produce fourteen of the requested items. Ms. Swan argues that the trial court improperly ordered production of nine items: (2) Citrus Park tax returns from 2000 to the present; (7) all documents reflecting assignment of Citrus Park stock owned by Erich Trost to the Trust; (8) all certificates showing current ownership interest in Citrus Park; (13) Trust tax returns from 2001 to the present, (14) Trust annual accountings from 2001 to the present; (15) initial and annual accountings, reports and plans for guardianship proceedings from 2004 to the present, plus the clerk’s audits of them; (17) all contracts for the purchase of real estate from Citrus park from 2003 to the present; (18) all Citrus Park and Swan Homes files related to construction of the Citrus Park Boulevard house; and (19) all Citrus Park and Swan Homes files related to construction of the new Citrus Park administration building.
Ms. Swan contends that the trial court departed from the essential requirements of the law in compelling production because Matthias Trost, who is not a Trust beneficiary, has not shown that he has a legally cognizable interest in the guardianship or Trust, or any statutory right, as a nonshareholder, to Citrus Park corporate information.

Trust Documents

Matthias Trost argues that the trial court had authority to allow Matthias Trost to review the Trust accounting reports under section 744.441 titled “Powers of guardian upon court approval”:
After obtaining approval of the court pursuant to a petition for authorization to act, a plenary guardian of the property, or a limited guardian of the property within the powers granted by the order appointing the guardian or an approved annual or amended guardianship report, may:
[[Image here]]
(2) Execute, exercise, or release any powers as trustee ... that the ward might have lawfully exercised, consummated, or executed if not incapacitated....
[[Image here]]
(19) ... The court shall retain oversight of the assets transferred to a trust, unless otherwise ordered by the court.
(Emphasis added). However, section 744.441 did not allow the trial court to force the trustee to disclose Trust documents to Matthias Trost on the basis that he was next of kin. See § 736.0603(1), Fla. Stat. (2009). When the trial court issued *1210 the order on review, the ward was alive and Ms. Swan had no duty to Matthias Trost.

Citrus Park Corporate Documents

Similarly, section 607.1602, Florida Statutes (2009), provides for inspection of corporate documents only by shareholders. Although section 607.1602(5) (b) provides that “a court, independently of this act, [may] compel the production of corporate records for examination,” Matthias Trost’s status as next of kin does not justify his access to confidential corporate records when he lacks any standing as a shareholder.

Guardianship Reports

Section 744.447(2), Florida Statutes (2011),[5] entitled Matthias Trost, as next of kin,[6] to notice of the guardian’s petitions to perform any acts requiring court approval under sections 744.441 or .446, if he filed a request for notices and copies of pleadings, as provided in the Florida Probate Rules. Sections 744.367(3) and (4) provide that the guardian shall serve the guardianship annual report “to any other person as the court may direct” and “[w]ithin 30 days after the annual report has been filed, any interested person ... may file written objections to any element of the report, specifying the nature of the objection.”
Whether Matthias Trost had standing to participate in the guardianship proceeding depends on whether he qualified as an “interested person.” See Hayes v. Guardianship of Thompson, 952 So.2d 498, 507 (Fla.2006). Florida guardianship section 744.1025 and Florida Probate Rule 5.015(a) provide that the definition of “interested person” from the Florida Probate Code applies. The Florida Probate Code defines “interested person” as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.” § 731.201(23), Fla. Stat. (2009).
The question of who is an interested person may vary depending on “the particular purpose of, and matter involved in, any proceedings.” Hayes, 952 So.2d at 507 (citing § 731.201(21), Fla. Stat. (2006)). The definition of “interested person” requires the trial court to evaluate the nature of both the proceeding and the interest asserted. Id. The trial court must decide on a case-by-case basis whether a party who receives notice of petitions is an “interested person” for purposes of a guardianship proceeding. Id. at 508.
Matthias Trost argues that he is an interested person because he is next of kin. The Fifth District in Sun Bank & Trust Co. v. Jones, 645 So.2d 1008, 1017 (Fla. 5th DCA 1994), held that the ward’s next of kin had standing to file objections to guardianship annual reports “as well as other actions, taken or proposed to be taken by a guardian.” (citing § 744.367(4), Fla. Stat. (1991); Fla. Prob. R. 5.700). Matthias Trost argues that his status as *1211 next of kin also entitled him to disclosure of guardianship reports under section 744.3701, which provides as follows:
(1) Unless otherwise ordered by the court, any initial, annual, or final guardianship report or amendment thereto is subject to inspection only by the court, the clerk or the clerk’s representative, the guardian and the guardian’s attorney, and the ward, unless he or she is a minor or has been determined to be totally incapacitated, and the ward’s attorney.
(2) The court may direct disclosure and recording of parts of an initial, annual, or final report in connection with any real property transaction or for such other purpose as the court allows, in its discretion.
As with the trust and corporate documents, Matthias Trost’s status as next of kin, without more, does not entitle him to disclosure of all guardianship documents. Thus, the portion of the trial court’s order compelling production of request fifteen, “copy of the initial and annual guardianship accountings, reports, and plans and the clerk’s audits thereof ... from 2004 to the present date,” is valid only as to the guardianship reports and what is attached to them. That is the limit of his entitlement to discovery because he was not a shareholder or a beneficiary of the Trust. The trial court departed from the essential requirements of the law in compelling production of the remaining documents because Matthias Trost has not shown that he has a legally cognizable interest in the Trust or that he has any statutory right to Citrus Park corporate information. Cf Hayes, 952 So.2d at 508 (holding that whether a party who receives notice of guardianship petitions is an “interested person” for purposes of a proceeding depends on the circumstances).
Therefore, we grant the petition for writ of certiorari and quash the discovery order, except for request fifteen.
Petition granted, in part; discovery order quashed as provided herein.
NORTHCUTT and WALLACE, JJ., Concur.

. Erich Trost died in December 2011. Section 736.0207 provides that an action to contest the validity of a revocable trust may not be commenced until the trust becomes irrevocable by the settlor's death or by other trust terms, except by the guardian of an incapacitated settlor’s property.

. Guardianship section 744.446 regarding conflicts of interest, prohibited activities, court approval, and breach of fiduciary duty, provides in pertinent part:
(1) It is essential to the proper conduct and management of a guardianship that the guardian be independent and impartial. *1208 The fiduciary relationship which exists between the guardian and the ward may not be used for the private gain of the guardian other than the remuneration for fees and expenses provided by law. The guardian may not incur any obligation on behalf of the guardianship which conflicts with the proper discharge of the guardian’s duties.
(2) Unless prior approval is obtained by court order, or unless such relationship existed prior to appointment of the guardian and is disclosed to the court in the petition for appointment of guardian, a guardian may not:
(a) Have any interest, financial or otherwise, direct or indirect, in any business transaction or activity with the guardianship;
[[Image here]]
(d) Directly or indirectly purchase, rent, lease, or sell any property or services from or to any business entity of which the guardian or the guardian’s spouse or any of the guardian’s lineal descendants, or collateral kindred, is an officer, partner, director, shareholder, or proprietor, or has any financial interest.
(3) Any activity prohibited by this section is voidable during the term of the guardianship or by the personal representative of the ward’s estate, and the guardian is subject to removal and to imposition of personal liability through a proceeding for surcharge, in addition to any other remedies otherwise available.
(4)In the event of a breach by the guardian of the guardian's fiduciary duty, the court shall take those necessary actions to protect the ward and the ward’s assets.

. 744.474. Reasons for removal of guardian
A guardian may be removed for any of the following reasons, and the removal shall be in addition to any other penalties prescribed by law:
(1) Fraud in obtaining her or his appointment.
(2) Failure to discharge her or his duties.
(3) Abuse of her or his powers.
[[Image here]]
(7) The wasting, embezzlement, or other mismanagement of the ward's property.
[[Image here]]
(11) Development of a conflict of interest between the ward and the guardian.

. 736.0706. Removal of trustee
(1) The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on the court’s own initiative.
(2) The court may remove a trustee if:
(a) The trustee has committed a serious breach of trust;
[[Image here]]
(c) Due to the unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court deter *1209 mines that removal of the trustee best serves the interests of the beneficiaries; or
(d) There has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.
(Emphasis added).

. 744.447 Petition for authorization to act.—
[[Image here]]
(2) ... Notice of a petition to perform any [] acts under s. 744.441 [guardian’s powers requiring court approval) or s. 744.446 [conflicts of interest; see n. 2] shall be given to the ward, to the next of kin, if any, and to those interested persons who have filed requests for notices and copies of pleadings, as provided in the Florida Probate Rules, unless waived by the court.

. 744.102 [Guardianship] Definitions
[[Image here]]
(14) "Next of kin” means those persons who would be heirs at law of the ward or alleged incapacitated person if the person were deceased and includes the lineal descendants of the ward or alleged incapacitated person.