WARNER, J.
In a guardianship proceeding, the son of the ward petitioned to change the resi *550 dence of the ward from Florida to Texas, where the ward’s family lives. The trial court ruled that the son did not have standing to petition for a change of residence, as only the guardian had the power to change the residence. We affirm the trial court’s determination that the son lacked standing to petition to change the residence of the ward.
An elderly ward was placed under a guardianship of his person and property and declared incapable of exercising his right to, among other things, determine his own residence. About a year after the establishment of the guardianship, the ward’s son petitioned to have the ward moved to Texas, which he alleged was the ward’s habitual residence and where all of the ward’s family resided. The guardian moved to dismiss the petition for lack of standing, arguing that only a guardian could petition to change a ward’s residence under section 744.2025, Florida Statutes (2012). The son opposed dismissal by arguing he had standing as an interested party, since he is the ward’s next of kin and heir to the ward’s estate. He relied primarily on Hayes v. Guardianship of Thompson, 952 So.2d 498 (Fla.2006) (discussing standing in guardianship proceedings).
The court granted the guardian’s motion to dismiss, concluding that, although Hayes might give the son standing to object to a petition by the guardian to change the ward’s residence, it did not give the son standing to initiate proceedings to change the ward’s residence. The court later entered a final judgment of dismissal, prompting this appeal.[1]
A dismissal based on lack of standing raises a question of law that is reviewed de novo. See Gordon v. Kleinman, 120 So.3d 120, 121 (Fla. 4th DCA 2013) (reviewing whether party had standing to petition for revocation of probate of will); Wheeler v. Powers, 972 So.2d 285, 288 (Fla. 5th DCA 2008) (same).
The right to determine the ward’s residence was one of the rights delegated to the guardian in the order appointing the guardian of the ward’s person and property. See § 744.3215(3)(e), Fla. Stat. (2012). A guardian must obtain court approval, however, before removing the ward from the state or to another non-adjacent county. See § 744.2025(1), Fla. Stat. (2012). Section 744.2025 does not authorize anyone other than the guardian to apply for court approval to change the residence of the ward.
Nevertheless, the son argues that he should have some right as the ward’s son and an “interested person” to ask the court to change the residence of his father to make him more accessible to his family. He relies primarily on Hayes, in which the supreme court considered who had standing in guardianship proceedings and held “that if the person is entitled to notice or is authorized to file an objection under the Florida Guardianship Law or the Florida Probate Rules, that person has standing to participate in the guardianship proceeding.” 952 So.2d at 506. As “next of kin,” the son is entitled to notice of the petition to determine incapacity and to appoint a guardian. See §§ 744.102(14), 744.331(1), 744.3371(1), Fla. Stat. (2012). As next of kin, he is an “interested person” who is entitled to file objections to guardianship reports. See § 744.367(4), Fla. Stat. (2012). As next of kin, he is also entitled *551 to notice of a petition by the guardian to perform any act requiring a court order, such as a petition to change the ward’s residence to a different state or non-adjacent county. Fla. Prob. R. 5.630(b); § 744.2025, Fla. Stat. (2012). Therefore, pursuant to Hayes and the guardianship statute and rules, he has standing to “participate” in guardianship proceedings, including proceedings to change the ward’s residence.[2]
However, the issue in this appeal is whether the son has standing to “initiate” proceedings to change the residence of the ward. Consistent with Hayes, we must look to the guardianship statutes and rules for the answer. No statute, rule, or Florida case has determined that the next of kin or any other interested person has standing to initiate proceedings to compel the guardian to change the residence of the ward or to act in a certain manner. We agree with the trial court that the son did not have standing to request the affirmative relief of changing the residence of the ward. Instead, the statutory scheme gives any interested person, which would include the son as next of kin, the right to petition for interim judicial review pursuant to section 744.8715(1), Florida Statutes (2012), if the guardian is exceeding his powers under the annual guardianship plan and is not acting in the ward’s best interest, or to petition for removal of the guardian pursuant to section 744.477, Florida Statutes (2012). So that petitions for judicial review pursuant to section 744.3715 are not unnecessarily filed, the statute provides for the assessment of attorney’s fees if the court finds the petition is without merit. See § 744.3715(2), Fla. Stat. (2012).
We therefore affirm the trial court’s dismissal of the petition to change the residence of the ward. Our affirmance is without prejudice to the son filing a petition for interim judicial review or for removal of the guardian with sufficient allegations to support such relief.
GROSS and CONNER, JJ., concur.

. We have omitted from the statement of facts the parties’ various contentions as to which side has been taking advantage of the ward. These contentions are supported with refer-enees in the briefs that are not contained in the record on appeal. Therefore, we have disregarded them.

. Although the son is entitled to participate, if he wishes to receive copies of all pleadings filed in the guardianship, not just those to which he is entitled by statute or rule, he must file a written request for notice of further proceedings. See Fla. Prob. R. 5.060(a).