DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CAROL RUDOLPH,**
Appellant,

v.

**LAUREN RICHARD ROSECAN,**
Appellee.

No. 4D13-1440

[November 26, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 502008GA000576XX.

Robin Bresky and Jonathan Mann of Law Offices of Robin Bresky, Boca Raton, for appellant.

Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellee.

MAY, J.

The mother of a twenty-two year old autistic man appeals an order determining that she is not an "interested person" for the purpose of inspecting guardianship reports and other financial information. She argues the probate court erred in its determination under the facts of this case. We disagree and affirm.

The father was appointed plenary guardian of his son's person and property. The order expressly incorporated a parenting and timesharing plan, which was attached to the order. The plan provided for the parents to have shared parental responsibility with decision making authority, and it required them to confer and attempt to agree on major decisions affecting their son. In the event they could not agree, the father had the ultimate authority to make major decisions related to education, residential placement, and all non-emergency medical, dental, and psychiatric care.

As to information sharing, both parents had access to medical and

school records and were to "cooperate with each other in sharing information related to the health, education, and welfare of the child(ren)." The plan did not address decision making authority regarding the financial decisions for the son.

After having voluntarily provided the mother with the annual guardianship accounting and financial information for a few years, the guardian moved for an order declaring that the mother was not an "interested person" for purposes of the annual accounting and other guardianship financial matters. Attached to the motion were three pages of transcript from a prior hearing where the court appointed the father plenary guardian of his son and expressed its desire to curtail future litigation between the parents.

> THE COURT: Let me ask you in the nature of guidance, can you envision any kind of order that I can enter here that's going to accomplish the goal of not having these parties come back into court here every year?
> . . . .
>
> MS. ROSENBAUM: My legal opinion would be that they don't have standing to come into court and contest what the other guardian is doing. I mean that's what a guardian is. They make the decisions. While they might have some sort of standing, possibly, I don't know, it will probably be up to the judge in charge and the case law as to whether they can come in here once a year on an annual report. I'm not so sure they do. . . .

The guardian's motion asserted that the mother consistently served frivolous objections to accountings and sought the father's personal financial or estate planning information pertaining to trusts he established for the son. The guardian argued that Florida's guardianship statutes did not make the mother an "interested person" because she had no financial rights or obligations with regard to the son. She therefore would not be affected by the outcome of the guardianship proceedings.

The mother responded that the parenting plan for their son entitled her to make major decisions in his life. This made her an "interested person." She also argued that because she is next of kin, she is an "interested person" with standing to object to the annual guardianship reports.

The guardian's counsel admitted that his client had voluntarily provided the son's annual financial information to the mother because he

knew the court wanted transparency. But, the guardian was now concerned that his estate planning had become the object of the mother's objections. The guardian's counsel argued that section 744.3701, Florida Statutes (2013), did not entitle the mother to annual or final guardianship reports as next of kin, and that she was entitled to such reports only in the event of fraud or abuse, which had not been alleged.

The court[1] announced its ruling:

> The ward's mother has no status as an interested person for purposes of *annual accounting or other guardianship financial matters*. She is not an interested person and she is not entitled by law or any order of the Court to be included in the guardianship of the property that's been established for which the mother is not the guardian.

The court subsequently entered an order reflecting its oral pronouncement. From this order, the mother now appeals.

The mother argues the court erred in determining that she is not an "interested person" for purposes of the annual accounting or other guardianship financial matters. She continues to suggest that the parenting plan, incorporated into the trial court's order appointing the father as plenary guardian, entitles her to be involved in all major decisions affecting their son, including the receipt of any related financial information.

The guardian responds that under Florida law and rules of procedure, next of kin are not entitled to inspect or review annual accountings and other guardianship reports or object to such unless they are "interested persons." And, the mother's status as next of kin, alone, or even with her rights under the parenting plan, does not make her an "interested person" with standing. We agree with the guardian.

We have de novo review. *See Bivins v. Rogers*, 147 So. 3d 549, 550 (Fla. 4th DCA 2014).

Under Florida law, a guardian has a statutory duty to file an annual guardianship report. *See* § 744.367, Fla. Stat. (2013). That report must contain an annual accounting of the ward's property and an annual guardianship plan. *See id.* § 744.367(3). The guardianship code dictates

---

[1] A different judge than the one who appointed the father as plenary guardian heard argument on the motion.

3

who may inspect a guardianship report:

> (1) Unless otherwise ordered by the court, any initial, annual, or final guardianship report or amendment thereto is subject to inspection *only by the court, the clerk or the clerk's representative, the guardian and the guardian's attorney, and the ward, unless he or she is a minor or has been determined to be totally incapacitated, and the ward's attorney.*

§ 744.3701(1), Fla. Stat. (2013) (emphasis added). While the code limits who can inspect a report, it also requires a person be an "interested person" to object to the report.

> (4) Unless the ward is a minor or has been determined to be totally incapacitated, the guardian shall review a copy of the annual report with the ward, to the extent possible. Within 30 days after the annual report has been filed, *any interested person, including the ward, may file written objections to any element of the report,* specifying the nature of the objection.

§ 744.367(4), Fla. Stat. (emphasis added). Rule 5.700(a) also allows an "interested person" to object to a guardianship report without a concomitant right to inspect the report. Fla. Prob. R. 5.700(a).[2]

The term "interested person" is defined as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(23), Fla. Stat. (2013). But, its application varies with the facts of the case. *See Hayes v. Guardianship of Thompson,* 952 So. 2d 498, 508 (Fla. 2006).

In *Hayes,* our supreme court discussed the term "interested person" with respect to standing. *Id.* at 500. It held that heirs to a ward's estate did not have standing to participate in a proceeding regarding the guardian's fees. *Id.* at 508–09. The court recognized that "interested persons" can file objections to proceedings as authorized by certain statutes, but refused to draw a bright-line rule as to the meaning of "interested person." *Id.* at 506–08. "The fact that [the heirs] may have received a courtesy copy of some of the prior petitions" was insufficient to confer standing for the purpose of participating in a proceeding concerning the guardian's fees. *Id.* at 509.

---

[2]The statutes and rule create a conundrum because an "interested person" may object to a guardianship report, but is not actually given the right to inspect it.

Recently, we similarly held that a ward's son, as next of kin, did not have standing to petition the court for a change of residence for the ward. *Bivins*, 147 So. 3d at 550. "No statute, rule, or Florida case has determined that the next of kin or any other interested person has standing to *initiate proceedings* to compel the guardian to change the residence of the ward or to act in a certain manner." *Id.* at 551 (emphasis added). Under Florida guardianship laws, only the guardian has the power and standing to file a petition to change the residence of a ward. *See id.*

In *Bivins*, we also commented that while the son did not have standing for requesting a change in the ward's residence, he was an "interested person" for certain other aspects of the guardianship. *Id.* at 550. He was "entitled to notice of the petition to determine incapacity and to appoint a guardian," entitled to file objections to guardianship reports, and entitled to notice of a petition to perform certain acts requiring a court order. *Id.* This discussion correctly reflects the fluid nature of who is an "interested person."

As our supreme court has taught us, there is no bright-line rule. A person's status as an "interested person" with standing in a guardianship proceeding is dependent upon whether the person would be affected by the outcome of the proceedings. Simply being next of kin does not confer "interested person" status.

The mother relies upon three cases to support her position that she is an "interested person," but none of them dictate the result in this case. *See In re Guardianship of Trost,* 100 So. 3d 1205, 1211 (Fla. 2d DCA 2012); *Bachinger v. Sunbank/South Florida, N.A.,* 675 So. 2d 186, 188 (Fla. 4th DCA 1996); *Brogdon v. Guardianship of Brogdon,* 553 So. 2d 299, 301 (Fla. 1st DCA 1989). Each of them, as do all guardianship cases, turn on the particular facts of the case.

Here, because the parenting plan does not give the mother any right to, or interest in, the financial decisions made for her son, she is not an "interested person" with standing to object to the annual accounting or other financial matters of her son. We therefore affirm the trial court's ruling.

*Affirmed.*

WARNER and TAYLOR, JJ., concur.

\* \* \*

5

*Not final until disposition of timely filed motion for rehearing.*