EMAS, J.,
dissenting.
I respectfully dissent, because I conclude that Antonio M. Hernandez was an “interested person” within the meaning of section 731.201(23), Florida Statutes (2016) and Florida Probate Rule 5.060, and thus had standing to .participate in the.specific proceedings below which form the basis for this appeal. The parties to this appeal agree that our standard of review is de novo. See Rudolph v. Rosecan, 154 So.3d 381 (Fla. 4th DCA 2014); Agee v. Brown, 73 So.3d 882 (Fla. 4th DCA 2011); Wheeler v. Powers, 972 So.2d 285 (Fla. 5th DCA 2008).
To provide proper context, it is important to note what is not at issue in this appeal. The question is not whether the trial court was correct in granting appel-lees’ numerous petitions for orders approving attorney’s fees; whether the trial court correctly authorized Eusebio to file an adversary petition against Antonio; or whether Antonio in fact engaged in the conduct alleged by Eusebio. The very narrow issue in this appeal is whether Antonio M. Hernandez was simply entitled to notice of, and an opportunity to be heard at, the proceedings held by the trial court regarding the petitions for attorney’s fees and costs for services by attorneys handling the adversary petition on behalf of Eusebio.
The majority cites to the Florida Supreme Court’s decision in Hayes v. Guardianship of Thompson, 952 So.2d 498 (Fla. 2006). While I agree that the Hayes decision is helpful, it is not dispositive of the question presented here. -
The linchpin of the majority’s holding is found at *10 of its opinion:
Here, as in Hayes [v. G’ship of Thompson, 952 So.2d 498 (Fla. 2006) ], Antonio’s involvement in the guardianship proceedings was necessitated by his own alleged mistreatment of the Ward and misappropriation of her funds and thus does not- entitle him to participate in the attorney’s fees proceedings brought by *125 the Ward’s guardian at the request of the Ward’s attorney.
But this conclusion puts the proverbial cart before the horse and ignores a singular and dispositive distinction between this case and Hayes: in the instant case, the three pages of the. majority’s opinion detailing the “allegations” in Eusebio’s adversary petition are simply that—allegations. There has been no evidentiary hearing or other determination or finding of fact regarding those allegations.
By contrast, the trial court in Hayes had already determined this issue and made an actual finding of improper conduct and actions by the heirs. See id. at 509 (noting that petitioners were not entitled to notice and to participate in the proceedings “[g]iven the findings of the trial court that attribute the need for the guardianship directly to the petitioners .... ”); In the instant case,' we have only the allegations of Eusebio—allegations which continue to be denied and contested by Antonio. The majority, apparently satisfied with such, concludes in circular-logic fashion that Antonio cannot be an interested person with standing to be heard on, or contest, the request for attorney’s fees, because the fees requested were'necessitated by Antonio’s “alleged mistreatment of the Ward and misappropriation of funds.” If at some point Eusebio’s allegations are determined to be unfounded or not proven, will Antonio then be deemed (nunc pro tunc) an “interested person”? The answer to this question would appear to be obvious, but equally obvious is that this answer would come too late to' provide meaningful relief.
I would hold that Antonio is an “interested person” because Antonio may reasonably be expected to be affected by the outcome of a proceeding which will result in the payment of nearly $100,000 from his mother s assets, an amount'which exceeds the total value of the liquid assets of her estate,[3] Although being an heir, or next of kin, does not automatically. confer “interested person” status, Rudolph, 154 So.3d at 385, the Florida Supreme, Court in Hayes acknowledged that “courts must scrupulously oversee the handling of the affairs of incompetent persons under their jurisdiction and err on the side of over-supervising rather than indifference.” Hayes, 952 So.2d at 508. I do not suggest that Antonio has any right to prevent the trial court from approving the requests for attorney’s fees and costs; Nor do I suggest that the trial court is prevented from considering Antonio’s possible motive, bias or interest in lodging any objections to the requests for attorney’s fees and costs. I do suggest, however, that he is an interested person who has the right to receive notice of, and to be heard at, the proceedings at which the trial court is considering and ruling upon the requests.
I therefore respectfully dissent.

. In May of 2016, the guardian filed a 2015 annual guardianship accounting, listing. the Ward’s liquid assets, with a total value of $81,267.15.