# Third District Court of Appeal
## State of Florida

Opinion filed March 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-975
Lower Tribunal No. 22-238
_____


**Benzo Elias Rudnikas,**
Appellant,

vs.

**Mercedes Gisela Gonzalez,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Bertila Soto, Judge.

Benzo E. Rudnikas, in proper person.

Luis E. Barreto & Associates, P.A., Luis E. Barreto, The Billbrough Firm, and G. Bart Billbrough, for appellee.


Before LOGUE, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

The primary issue presented in this appeal is whether the disinherited adult son of a decedent has standing to obtain a determination of homestead on the basis he is a potential heir of the devisee of the property. Concluding he does not, we affirm.[1]

## BACKGROUND

Appellant, Benzo Elias Rudnikas, is the adult son of Elias B. Rudnikas. The elder Rudnikas died testate several years ago, and he was not survived by a spouse or minor children. Pursuant to the terms of his last will and testament, Marta Mercedes Rudnikas was to receive all real and personal property and appellee, Mercedes Gisela Gonzalez, was to serve as the personal representative of the estate. Marta is Elias's mother and Benzo's grandmother. Elias further provided that, in the event Marta did not survive him, his daughter, Maria Mercedes Rudnikas, was to receive the full estate, save a single dollar that would be bequeathed to Benzo.

The will was admitted to probate, and Benzo executed a series of standard consents and waivers. Marta was soon declared incapacitated, and the trial judge appointed a plenary guardian. Ostensibly dissatisfied with the turn of events, Benzo sought a determination that the benefits of homestead protection vested in Marta, as a qualified beneficiary, upon

_____

[1] We summarily affirm the remaining issues on appeal.

2

Elias's death. The trial court declined to reach the merits, finding that Benzo lacked standing. The instant appeal ensued.

## STANDARD OF REVIEW

We apply a de novo standard when reviewing whether a party has standing to maintain an action. See Westport Recovery Corp. v. Midas, 954 So. 2d 750, 752 (Fla. 4th DCA 2007).

## ANALYSIS

Two distinct sources of law guide our resolution of this appeal. The first is the homestead protection afforded by the Florida Constitution. See Art. X, § 4, Fla. Const. The second is established principles of Florida probate law, as derived from the Florida Probate Code, the Florida Probate Rules, and a well-developed body of authoritative case law. We examine each source, in turn.

The Florida Constitution protects homestead property in three marked yet convergent ways. See Art. X, § 4, Fla. Const. As the Florida Supreme Court explained in the seminal case of Snyder v. Davis, 699 So. 2d 999 (Fla. 1997): "[f]irst, a clause . . . provides homesteads with an exemption from taxes. Second, the homestead provision protects the homestead from forced sale by creditors. Third, the homestead provision delineates the restrictions a homestead owner faces when attempting to alienate or devise

3

the homestead property." Id. at 1001–02 (footnotes omitted). This dispute implicates the third protection.

"[O]ur courts have emphasized that, in Florida, the homestead provision is in place to protect and preserve the interest of the family in the family home." Id. at 1002. Homestead protections promote this interest "by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune." Pub. Health Tr. of Dade Cnty. v. Lopez, 531 So. 2d 946, 948 (Fla. 1988).

A devise of homestead property is constitutionally restricted when "the owner is survived by spouse or minor child." Art. X, § 4(c); see also City Nat'l Bank of Fla. v. Tescher, 578 So. 2d 701, 703 (Fla. 1991) ("Historically, the purpose of the homestead provision was to protect the family. The constitutional provision prohibiting devise of the homestead property if the owner is survived by a spouse or minor child reflects this same concern for protection of the family.") (citation omitted). If an owner contravenes this prohibition, the property descends by way of intestate succession, as provided in section 732.401(1), Florida Statutes (2021). See In re Finch's Est., 401 So. 2d 1308, 1309 (Fla. 1981). Absent a surviving spouse or minor child, however, the homestead may pass by devise, rather than operation of law. See Cutler v. Cutler, 994 So. 2d 341, 346 (Fla. 3d DCA 2008).

The Florida Probate Rules authorize an "interested person" to file a petition for homestead determination in probate proceedings. The rules themselves do not contain an express definition of the term "interested person," but, absent conflict, we look to the definitions promulgated by the Florida Probate Code. See Fla. Prob. R. 5.015(a). The Code, in turn, defines the term as follows:

> "Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. In any proceeding affecting the expenses of the administration and obligations of a decedent's estate, or any claims described in [section] 733.702(1), the trustee of a trust described in [section] 733.707(3) is an interested person in the administration of the grantor's estate. The term does not include a beneficiary who has received complete distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.

§ 731.201(23), Fla. Stat.

In accord with this definition, ascertaining whether an individual is an interested person "requires the trial court to evaluate the nature of both the proceeding[s] and the interest asserted." Hayes v. Guardianship of Thompson, 952 So. 2d 498, 507 (Fla. 2006). While this analysis may at time be fluid, this court has previously held that "[s]imply being next of kin does not confer [a person with] 'interested person' status." Hernandez v.

5

Hernandez, 230 So. 3d 119, 123 (Fla. 3d DCA 2017).  In this vein, the Fifth District Court of Appeal has held that a disinherited child is not an interested person for the purposes of probate proceedings.  See Newman v. Newman, 766 So. 2d 1091, 1093–94 (Fla. 5th DCA 2000).  And the Fourth District Court of Appeal has determined that a party without the right to make financial decisions is not an interested person.  See Rudolph v. Rosecan, 154 So. 3d 381, 385 (Fla. 4th DCA 2014).

Against this line of authority, we examine the instant case.  Here, Benzo sought to insert himself into the probate proceedings, not the guardianship proceedings.  He was not a beneficiary under the will, and because his father was not survived by a spouse or minor child, the homestead was an asset of the estate and legally passed by devise.  See Monks v. Smith, 609 So. 2d 740, 743 (Fla. 1st DCA 1992).  Although Benzo may stand to inherit a portion of his grandmother's estate, any such right has not yet vested and would necessarily be the subject of a separate and distinct probate proceeding.

Accordingly, we conclude the trial court properly found the asserted interest was too attenuated to establish standing.  We therefore affirm in all respects.[2]

Affirmed.

---

[2] Our opinion should not be construed as imposing a limitation on any future participation in the guardianship proceedings.