# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-1310
Lower Tribunal No. 82-2432-GD-02

————————

**Patricia Ash, etc.,**
Appellant,

vs.

**Hyman Ash, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

The Billbrough Firm, and G. Bart Billbrough, for appellant.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

MILLER, J.

Patricia Ash, the successor guardian and mother of the deceased ward, Aaron Ash, appeals from orders determining she lacked standing to participate in proceedings relating to the winding up of the guardianship estate. She asserts that the trial court erred in refusing to allow her to object to the final accounting and discharge of the guardian of the ward's property, Grove Bank & Trust (formerly Coconut Grove Bank), because the former guardian and father of the deceased ward, Hyman Ash, failed to comply with annual accounting requirements justifying his expenditures, reimbursements, and retention of certain government subsidies. We are constrained to reverse.

**I**

The guardianship proceedings underlying this appeal are well known to this court.[1] Aaron sustained catastrophic birth-related injuries, and settlement proceeds derived from a medical malpractice lawsuit were used to establish a guardianship. Grove Bank & Trust assumed the role of guardian of the property. Hyman and Patricia soon divorced. Aaron was

---

[1] See Ash v. Ash, 332 So. 3d 563 (Fla. 3d DCA 2021); Ash v. Coconut Grove Bank, 443 So. 2d 437 (Fla. 3d DCA 1984); Ash v. Ash, 380 So. 3d 1144 (Fla. 3d DCA 2022); Ash v. Coconut Grove Bank, 448 So. 2d 605 (Fla. 3d DCA 1984); Ash v. Coconut Grove Bank, 437 So. 2d 683 (Fla. 3d DCA 1983).

adjudicated incapacitated when he reached the age of eighteen, and Hyman was appointed to serve as Aaron's plenary guardian.

In 2018, Patricia sought a determination from the trial court that she was an interested person in the guardianship proceedings. Hyman objected, and the probate court entered an order ruling that Patricia was an interested person the following year. Patricia then unsuccessfully petitioned to replace Hyman as guardian. She appealed, and this court reversed. Ash, 332 So. 3d at 570. Upon remand, the trial court appointed Patricia as Aaron's successor guardian.

Aaron passed away in 2022, and the parties opened an estate. By stipulation of the parties, the probate court appointed a curator. The following year, Hyman filed a petition seeking historical reimbursements for a three-year period. Less than two months later, Grove Bank & Trust filed a petition for discharge, along with a final report and accounting. Patricia lodged an objection, and Hyman filed an amended petition seeking further reimbursements. Patricia again objected, this time joined by the curator, and filed a complaint to compel an accounting and for damages against Hyman and the Hy Ash Living Trust.

Hyman filed a second amended petition seeking yet additional reimbursements and moved to dismiss Patricia's complaint for lack of

standing.  The trial court entered an order determining that Patricia lacked standing and discharging Grove Bank & Trust.  This appeal ensued.

## II

## A

We review an order adjudicating a lack of standing de novo, as it raises a question of law.  See In re Guardianship of McLain, 406 So. 3d 1134, 1138 (Fla. 2d DCA 2025).  The touchstone of standing is whether a would-be litigant has established that he or she reasonably expects to be directly or indirectly affected by the outcome of the proceedings.  See Hayes v. Guardianship of Thompson, 952 So. 2d 498, 505 (Fla. 2006).

## B

Guardianships in Florida are governed by a series of "statutes and rules [that] complement one another."  Id. at 506.  In enacting the guardianship statutes, the Florida Legislature articulated that the protection of wards and management of their financial resources are the polestar in such proceedings.  See § 744.1012(3), Fla. Stat. (2024); In re Guardianship of Stephens, 965 So. 2d 847, 852 (Fla. 2d DCA 2007); Romano v. Olshen, 153 So. 3d 912, 917–18 (Fla. 4th DCA 2014).  Consistent with this principle, "when deciding whether a person has standing to participate in a specific guardianship proceeding, the court should begin by considering both the

4

provisions of the Florida Guardianship Law and any pertinent Florida guardianship rules." Hayes, 952 So. 2d at 505–06. In this vein, "[i]f a party asserting standing is either entitled to notice or authorized to file an objection in the proceeding under either the statutory provisions or the rules, that party should [ordinarily] have standing to participate in the proceeding. Otherwise, the right to receive notice or file an objection would be meaningless." Id. at 506.

"[C]ourts must scrupulously oversee the handling of the affairs of incompetent persons under their jurisdiction and err on the side of over-supervising rather than indifference." Id. at 508 (quoting Bachinger v. Sunbank/ S. Florida, N.A., 675 So. 2d 186, 188 (Fla. 4th DCA 1996)). This is particularly true when fees and reimbursements are involved because the ex parte procedure used in such instances typically circumvents the requisite scrutiny. Id. at 506.

In some proceedings, the heirs of a ward may be considered "interested persons," depending on the nature of the issues involved. Id. at 507–08. Indeed, courts have recognized that at times, one petitioning for guardianship fees may have interests adverse to the ward. See e.g., In re Guardianship of Shell, 978 So. 2d 885, 888 n.1 (Fla. 2d DCA 2008). Section 744.391, Florida Statutes contemplates appointing a guardian ad litem

where a current guardian harbors a conflict.  This procedure is designed to ensure the interests of the ward are protected before discharging the guardian of the property, as set forth in section 744.531, Florida Statutes. See id. ("If the court is satisfied that the guardian has faithfully discharged her or his duties, has rendered a complete and accurate final report, and, in the case of a guardian of the property, has delivered the property of the ward to the person entitled, *and that the interest of the ward is protected*, the court shall enter an order of discharge.") (emphasis added); see also McLain, 406 So. 3d at 1139–40 (noting that the personal representative of the ward's estate had standing to lodge objections as to expenditures and fees from ward's assets).

## C

In this case, the trial court expressed valid concerns over the many years of protracted litigation and the potential for overlapping judicial labor. And as the court suggested, the estate proceedings offered an alternative venue for the continued litigation of any allegations of misuse.  But based on the procedural history and the nature of Patricia's interests, we cannot sustain the lack of standing finding.  Such a finding would equally divest her of the ability to raise her concerns in the estate proceedings.

6

Patricia obtained an order from the trial court nearly a decade ago determining she was an interested person.[2] That order was never appealed. A panel of this court similarly deemed Patricia an interested person in the underlying case. See Ash, 332 So. 3d at 564 ("Patricia Ash, the mother of the adult ward, is an 'interested party' in the underlying guardianship case and the petitioner below."). Nor has this determination been overturned.

Independent of these rulings, as the successor guardian, Patricia was entitled to receive notice before the approval of any petition for fees or expenses. See § 744.108(6), Fla. Stat. The notice requirement necessarily presupposed she was, at a minimum, authorized to object to any potential misuse of the ward's assets. This is particularly true because Patricia was not only the guardian but the ward's mother and therefore stood to inherit under the laws of intestacy.

Under these circumstances, we conclude that Patricia established she would "reasonably be expected to be affected by the outcome of the . . . proceeding." See § 731.201(23), Fla. Stat. (2024); see also § 744.1025, Fla. Stat. ("The definitions contained in the Florida Probate Code shall be applicable to the Florida Guardianship Law, unless the context requires

---

[2] Patricia's petition for interested person status followed on the heels of the Florida Supreme Court's decision in Hayes.

7

otherwise, insofar as such definitions do not conflict with definitions contained in this law."). We thus reverse and remand the orders under review. In so doing, we do not purport to restrict the trial court from effectively streamlining the proceedings. We simply find that Patricia has standing to participate.

Reversed and remanded.